IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVERGREEN INTERNATIONAL
AIRLINES, INC., and EVERGREEN
INTERNATIONAL AVIATION, INC.

        Plaintiffs,

                      3:11-CV-1416-PK

v.                                   OPINION AND
                                   ORDER

ANCHORAGE ADVISORS, LLC,
ANCHORAGE CAPITAL GROUP,
LLC, and NEXGEN AVIATION
CAPITAL, LLC,

        Defendants.

PAPAK, Magistrate Judge:

       Plaintiffs Evergreen International Airlines, Inc., and Evergreen International Aviation, Inc. (collectively, "Evergreen"), filed this action against defendants Anchorage Advisors, LLC, Anchorage Capital Group, LLC, and Nexgen Aviation Capital, LLC, on November 22, 2011. Evergreen amended its complaint effective August 1, 2013. By and through its amended complaint, Evergreen alleges defendants' liability for: (i) intentional interference with business

Page 1 - OPINION AND ORDER

relations, (ii) breach of fiduciary duty, and (iii) civil conspiracy. This court has subject-matter jurisdiction over Evergreen's claims based on the complete diversity of the parties and the amount in controversy.

Now before the court are Evergreen's motion (#196) to substitute the trustee of Evergreen's Chapter 7 bankruptcy estate into this action as the plaintiff in Evergreen's stead and defendants' motion (#158) to dismiss Evergreen's claims for failure to join the real part in interest. I have considered the motions, oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, Evergreen's motion (#196) to substitute the real party in interest is granted, and defendants' motion (#158) to dismiss is denied as moot.

## LEGAL STANDARDS

Federal Civil Procedure Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A "real party in interest" is "any party to whom the relevant substantive law grants a cause of action." *U-Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). It is well established that a debtor in Chapter 7 bankruptcy is not a real party in interest to prosecute claims accrued on behalf of the bankruptcy estate, and that only the bankruptcy trustee can be the real party in interest absent abandonment of the claims by the trustee to the debtor. *See Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006); *see also* 11 U.S.C. § 554(d).

Notwithstanding the foregoing, Federal Civil Procedure Rule 17(a)(3) cautions that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest

Page 2 - OPINION AND ORDER

until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

I.      **Motion (#158) to Dismiss for Failure to Join the Real Party in Interest**

By and through their motion (#158) to dismiss, defendants challenge Evergreen's right under Federal Civil Procedure Rule 17(a) to prosecute its claims before this court in its own name, on the grounds that following its chapter 7 bankruptcy, Evergreen is no longer the real party in interest with respect to those claims. Neither set of parties expressly indicates the procedural mechanism by and through which defendants seek dismissal of Evergreen's claims based on a Rule 17(a) challenge, the federal rules do not specify any such procedure, and the Ninth Circuit does not appear ever to have spoken directly on this issue. Because failure to prosecute an action in the name of the real party in interest raises a problem of prudential standing, *see In re Veal*, 450 B.R. 897, 907 (B.A.P. 9th Cir. 2011), and because standing is a necessary prerequisite for the proper exercise of federal subject-matter jurisdiction, *see Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 960 (9th Cir. 2011), it appears appropriate to consider defendants' Rule 17(a) challenge under Federal Civil Procedure Rule 12(b)(1). *See, e.g., Neighbors v. Mortg. Elec. Registration Sys.*, Case no. 08-5530-PJH, 2009 U.S. Dist. LEXIS 5302, *4-5 (N.D. Cal. Jan. 27, 2009) (making a similar determination); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-1095 (9th Cir. 2004) (indicating that the federal courts lack subject-matter jurisdiction to consider the merits of a claim brought by any party other than the real party in interest).

Page 3 - OPINION AND ORDER

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction. Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1039 n.2, and "need not presume the truthfulness of the plaintiff's allegations," *id., citing White*, 227 F.3d at 1242. The challenge at issue here is a factual challenge to the court's jurisdiction.

**II.    Motion (#196) to Substitute the Trustee of Evergreen's Bankruptcy Estate as the**

Page 4 - OPINION AND ORDER

**Real Party in Interest**

By and through its motion (#196) to substitute the trustee of its Chapter 7 bankruptcy estate as the real party in interest, Evergreen seeks substitution of Alfred T. Giuliano, the trustee of its bankruptcy estate, into this action as the plaintiff in lieu of Evergreen. Evergreen argues that its motion is governed by Federal Civil Procedure Rule 25(c), which provides a mechanism for joinder of a party to whom an interest has been transferred. *See* Fed. R. Civ. P. 25(c). As noted above, where the real party in interest is substituted in by court order, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

## MATERIAL BACKGROUND

On December 31, 2013 – during the pendency of this action and after defendants' currently pending motion (#120) for summary judgment and Evergreen's currently pending motion (#123) for partial summary judgment were filed – both Evergreen International Airlines, Inc., and Evergreen International Aviation, Inc., filed voluntary petitions for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware (the "bankruptcy court"). On January 2, 2014, Alfred Thomas Giuliano was appointed as Chapter 7 trustee of Evergreen's estate.

Also on January 2, 2014, Evergreen filed a notice (#151) of its Chapter 7 bankruptcy and the appointment of Giuliano as trustee with the court. On January 7, 2014, the court held a telephonic status conference to discuss the implications of Evergreen's bankruptcy for these proceedings. At that conference, the court inquired *sua sponte* regarding whether the trustee would elect either to be substituted for Evergreen as the real party interest in this matter or to abandon prosecution of this matter to Evergreen, and counsel for Evergreen responded that the

Page 5 - OPINION AND ORDER

court would be advised once those decisions were made.

On March 5, 2013, the trustee filed applications to retain Evergreen's current counsel to continue prosecuting this case, without either abandoning the claims at issue to Evergreen or seeking substitution or joinder as the real party in interest in this action. By and through the supporting materials, the trustee indicated to the court that certain creditors of Evergreen's estate may have been granted some degree of interest in the claims at issue in this matter, in that the trustee has proposed and requested approval of an arrangement under which, *inter alia*, certain creditors would need to be consulted with before this action, referred to as the "Anchorage Litigation," could be settled. *See* Declaration of Giuliano, Exh. A at 11. Under the proposed arrangement, the same creditors would "share" in the "proceeds," if any, from this litigation, *see id.*, in amounts and percentages that would vary based on the amount awarded, if any, to Evergreen or its estate in this litigation, but always in an amount over 90% of the award. *See id.* at 34-35 (specifically, the creditors would collectively receive 96% of the first $5 million awarded (less attorney fees), 97.5% of the next $5 million, 99% of the next $5 million, and 90% of any additional amount awarded).

## ANALYSIS

**I.    Evergreen's Motion (#196) to Substitute Real party in Interest**

It is clear that, following Evergreen's bankruptcy filings, Evergreen is no longer the real party in interest with authority to prosecute the claims before this court. *See Estate of Spirtos*, 443 F.3d at1176; *see also* 11 U.S.C. § 554(d). It is further clear that, as the Chapter 7 trustee of Evergreen's estate in bankruptcy, Giuliano is a real party in interest possessing such authority. *See id.*

Page 6 - OPINION AND ORDER

Defendants concede the foregoing, but argue that, under the circumstances, those creditors of Evergreen's estate with authority to approve or disapprove settlement of the claims before this court and with an enforceable right to share in the proceeds, if any, of any money judgment in Evergreen's favor in connection with those claims, are necessarily also real parties in interest in the absence of whom these proceedings should not be permitted to go forward. On that basis, defendants oppose Evergreen's motion. However, defendants cite no authority in support of their argument.

Rule 17(a) prohibits the prosecution of claims in the name of any party other than the real party in interest. There is no suggestion in the evidence before the court or indeed in defendants' briefing that the creditors of Evergreen's estate have in any sense been assigned the right to prosecute the claims at issue here, and defendants offer no coherent explanation as to how, in the absence of such an assignment, the creditors could be construed as necessary real parties in interest. Creditors of estates in bankruptcy are as a matter of general course entitled to some proportion of money judgments awarded in connection with claims prosecuted for the benefit of the estate, and the fact that Evergreen's creditors' entitlement has been reduced in advance to a precisely defined majority share of any such judgment does not provide those creditors with any right to prosecute the claims.

Because no grounds exist for denying Evergreen's motion, Evergreen's motion (#196) to substitute the real party in interest is granted, and Giuliano is substituted into this action as plaintiff in Evergreen's stead.

## II.   Defendants' Motion (#158) to Dismiss for Failure to Join the Real Party in Interest

The gravamen of defendants' motion to dismiss is that following its bankruptcy filings,

Page 7 - OPINION AND ORDER

Evergreen is prohibited under Rule 17(a) from prosecuting the claims at issue in this action in its own name. However, Evergreen having effected substitution of the real party in interest into this action in its stead within a reasonable time after defendants' objection was lodged, defendants' motion is now moot. Defendants' motion to dismiss is therefore denied on grounds of mootness.

## CONCLUSION

For the reasons set forth above, defendants' motion (#158) to dismiss is denied as moot, Evergreen's motion (#196) to substitute Alfred Thomas Giuliano into this action as plaintiff in Evergreen's stead is granted, and the clerk of court is directed to effect substitution of Giuliano for Evergreen as discussed above.

Dated this 11th day of April, 2014.

Honorable Paul Papak
United States Magistrate Judge